IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN AND JANE DOES 1-5 ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:09CV12 |
| NORTH CAROLINA BAPTIST HOSPITAL and THE NORTH CAROLINA BAPTIST HOSPITAL AND APPLICABLE AFFILIATES GROUP HEALTH PLAN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING FINAL APPROVAL OF PHASE I OF SETTLEMENT

This matter was heard before the undersigned United States District Court Judge on November 18, 2009, upon the parties' Joint Motion for Final Approval of Phase I of Class Action Settlement [Doc. #15] in this class action asserted against Defendants North Carolina Baptist Hospital ("NCBH") and the North Carolina Baptist Hospital and Applicable Affiliates Group Health Care Plan ("the Plan"). After consideration of the Motion and Exhibits, the supporting Memorandum, the pleadings, and arguments of counsel, the Court concludes that the Motion should be granted.

IT IS THEREFORE ORDERED as follows:

The Motion for Final Approval of Phase I of Class Action Settlement is GRANTED as set out herein.

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement.

3. The Court's May 7, 2009 Preliminary Approval Order divided the approval of the settlement into two phases. Phase I includes the terms of the Settlement Agreement set out at Paragraphs E(1)-(2), E(5)-(13), and E(15)-(28) of the Agreement, including the adoption of an interim remedy for 2009-2010, the appointment of Norman P. Goldberg or his successor as an Independent Fiduciary to select a provider network and a third party administrator for the Plan for the years 2011-2014, an agreement limiting participant contributions to Plan premiums for the years 2009-2014, an agreement related to co-insurance, co-payments, deductibles and out-of-pocket maximums through the year 2014, an agreement limiting Defendant NCBH from offering alternative coverage through 2014 unless approved by the Independent Fiduciary or allowed under the terms of the Settlement Agreement, and various provisions related to the implementation of the Settlement Agreement. Phase I also includes an agreement regarding the general procedure to be followed for Phase II, including the use of the Independent Fiduciary to undertake a retrospective review and potential calculation of damages as set out in the Settlement Agreement at Paragraphs E(3) and E(4).

4. The following Settlement Class has been certified pursuant to Rule 23:

> All persons who were participants or beneficiaries in the North Carolina Baptist Hospital and Applicable Affiliates Group Health Plan from March 6, 2002 to May 7, 2009.

This Settlement Class satisfies the prerequisites to certification set forth in Federal Rule of Civil Procedure 23(a) because: (1) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1) of the Rules of Civil Procedure; (2) There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2); (3) The claims of the representative parties are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3); (4) The representative parties, currently designated as John and Jane Does 1-5 (the "Representative Plaintiffs"), will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4); (5) Prosecution of separate actions by members of the Settlement Class would create a risk of inconsistent adjudications with respect to individual members of the Class that would then establish incompatible standards of conduct for Defendants, making class certification appropriate pursuant to Rule 23(b)(1); (6) The conduct of Defendants at issue in this case affected and affects all members of the Settlement Class on grounds that apply generally to the class, so that any injunctive relief or corresponding declaratory relief is appropriate respecting the

Settlement Class as a whole, making class certification appropriate pursuant to Rule 23(b)(2); and (7) The action is manageable as a class action.

5. The Court's May 7, 2009 Preliminary Approval Order and June 16, 2009 Order Approving Notice outlined the form and manner by which Plaintiffs were to provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included distribution and mailing of individual Notice to members of the Settlement Class. Proof that the distribution and mailing conformed with the Preliminary Approval Order has been provided to the Court. This notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process. It provided due and adequate notice to the Settlement Class.

6. No objections to the Settlement Agreement have been filed or received from any member of the Settlement Class in response to the Notice that was provided.

7. The United States Department of Labor filed comments noting no objection to the Settlement Agreement other than its position that "the Settlement Agreement should expressly state that during his tenure, the independent fiduciary has the obligation to monitor and the authority to terminate any network or administrative services provider he selects." The parties have agreed to make this clarification to Paragraph E(5) of the Settlement Agreement.

8. In its comments, the Department of Labor also noted its position with respect to whether NCBH must obtain an individual prohibited transaction exemption

4

after the Settlement Agreement terminates on December 31, 2014. As discussed during the previous hearings in this matter, final approval of the Settlement Agreement in this case is only for purposes of settlement between the parties, and would in no way preclude a determination by the Department of Labor or the Internal Revenue Service that Defendants must obtain an exemption from the "prohibited transaction" provisions of ERISA, 29 U.S.C. § 1106, and/or pay taxes or penalties based on the past or future conduct at issue in this case. In addition, as discussed during the hearing on November 18, 2009, the Settlement Agreement only covers the period through December 31, 2014, and would not affect any obligation or requirement after that date. The parties are on notice as to the Department of Labor's position on this issue with respect to the period after the Settlement Agreement terminates on December 31, 2014.

9. The settlement resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating ERISA class actions.

10. The Settlement Agreement includes two amendments which have been agreed to by the parties and filed with the Court. The First Amendment amends Paragraph E(2) to clarify the identity of the providers in the NCBH Provider Network. This Amendment was reflected in the Notice to the Settlement Class. The Second Amendment amends Paragraph E(5) to clarify the duties of the Independent Fiduciary in response to the comments of the Department of Labor noted above.

5

11. Final approval of Phase I of the settlement is now granted pursuant to Federal Rule of Civil Procedure 23(e) because it is "fair, reasonable and adequate" to the Settlement Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, and the Class' reaction to the settlement.

12. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

13. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the enforcement of the Settlement Agreement; and (c) the ongoing process with respect to Phase II of the settlement. As part of this Phase II, the Independent Fiduciary will now undertake his retrospective review and calculation of damages as set out in the Settlement Agreement at Paragraphs E(3) and E(4). After the Independent Fiduciary has conducted his retrospective review and any calculation of damages, the findings of the Independent Fiduciary will be filed with the Court, and approval of Phase II of the settlement will proceed in accord with the Court's May 7, 2009 Preliminary Approval Order.

14. The litigation remains stayed except as required by the Settlement Agreement in order to implement the same.

IT IS THEREFORE ORDERED that the Joint Motion for Final Approval of Phase I of Class Action Settlement [Doc. #15] is GRANTED as set out herein.

This, the 18th day of November, 2009.

_____
United States District Judge