IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN AND JANE DOES 1-5 ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORTH CAROLINA BAPTIST HOSPITAL )<br>and THE NORTH CAROLINA BAPTIST )<br>HOSPITAL AND APPLICABLE )<br>AFFILIATES GROUP HEALTH PLAN, )<br>)<br>Defendants. ) | 1:09CV12 |

## ORDER GRANTING FINAL APPROVAL OF
## PHASE II OF SETTLEMENT

This matter was heard before the undersigned United States District Court Judge on February 24, 2012, upon the parties' Joint Motion for Final Approval of the Phase II Class Action Settlement [Doc. #41]. After consideration of the Motions and Exhibits, the supporting Memoranda, the pleadings, and arguments of counsel, the Court concluded that the Motion should be granted as set out herein.

IT IS THEREFORE ORDERED as follows:

The Joint Motion for Final Approval of Phase II of Class Action Settlement is GRANTED as set out herein.

1. The Court has jurisdiction over the subject matter of this litigation.

2. The Phase II Settlement granted herein is set forth in the Third Amendment to the Settlement Agreement.

3. Consistent with the Court's prior Orders dividing the settlement approval into two Phases, the Court previously granted Final Approval as to the Phase I Settlement, and the Court now grants Final Approval of the Phase II Settlement.

4. The Court's October 19, 2011 Preliminary Approval Order and October 25, 2011 Order Approving Notice outlined the form and manner by which Plaintiffs were to provide the Settlement Class with notice of the Phase II Settlement, the date of the final fairness hearing, and the request for attorneys' fees, costs and expenses, and class representative compensation. The notice program included distribution and mailing of individual Notice to members of the Settlement Class, and included subsequent measures to locate members of the Settlement Class upon return of any undeliverable Notices. The notice program also included the establishment of a website through which class members could receive an estimate of their distribution, and a toll free call number through which class members could ask and have answered questions regarding the Phase II Settlement. Proof that the distribution and mailing conformed with the Preliminary Approval Order has been provided to the Court. This notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process. It provided due and adequate notice to the Settlement Class.

5. The previously-certified Settlement Class includes:

> All persons who were participants or beneficiaries in the North Carolina Baptist Hospital and Applicable Affiliates Group Health Plan from March 6, 2002 to May 7, 2009.

The parties have noted that the ending date for any damages determination with respect to the Phase II Settlement is December 31, 2008. However, per the Court's October 19, 2011 Preliminary Approval Order, Notice was provided to all members of the previously-certified Class.

6. The Phase II Settlement provides for a Settlement Fund in the amount of $4,938,000.00, plus an additional settlement amount of $438,500.00, to create a Common Fund in the amount of $5,376,500.00.

7. The settlement resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating ERISA class actions.

8. No objections to the Phase II Settlement have been filed or received from any member of the Settlement Class in response to the Notice that was provided.

9. Final approval of the Phase II settlement, as set forth in the Third Amendment to the Settlement Agreement, is now granted pursuant to Federal Rule of Civil Procedure 23(e) because it is "fair, reasonable and adequate" to the Settlement Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, and the Class' reaction to the settlement.

10. Distributions under the Phase II Settlement will begin as stated in the Phase II

Settlement and after the Class Representatives have executed the agreed upon Releases.

11. Neither the Phase II Settlement, nor any act performed or document executed pursuant to the Phase II Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

12. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; and (b) the enforcement of the Phase II Settlement.

IT IS THEREFORE ORDERED that the Joint Motion for Final Approval of Phase II Class Action Settlement [Doc. #41] is GRANTED as set out herein.

This, the 24th day of February, 2012.

*James A. Beaty*
United States District Judge