IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN AND JANE DOES 1-5 )
ON BEHALF OF THEMSELVES AND )
ALL OTHERS SIMILARLY SITUATED, )
)
Plaintiffs, )
)
v. ) 1:09CV12
)
NORTH CAROLINA BAPTIST HOSPITAL )
and THE NORTH CAROLINA BAPTIST )
HOSPITAL AND APPLICABLE )
AFFILIATES GROUP HEALTH PLAN, )
)
Defendants. )

ORDER

This matter is before the Court on a Motion to Bar North Carolina Baptist Hospital From Diverting Proceeds of the Common Fund for its Own Use ("Motion to Bar") [Doc. #54] filed by Plaintiffs John and Jane Does 1-5 on Behalf of Themselves and All Others Similarly Situated ("Plaintiffs"). The Court held a hearing on Plaintiffs' Motion on April 5, 2012, where counsel for Plaintiffs and counsel for Defendants, North Carolina Baptist Hospital and The North Carolina Baptist Hospital and Applicable Affiliates Group Health Plan (collectively, "Defendants"), had the full and fair opportunity to address any and all issues before the Court. At the conclusion of the hearing, the Court granted Plaintiffs' Motion to Bar. The Court now issues the present Order to memorialize its ruling in this matter.

I. PROCEDURAL BACKGROUND

On August 26, 2011, after an extensive period of negotiations, the parties executed the Third Amendment to the Settlement Agreement, hereinafter referred to as the "Phase II

Settlement." In relevant part, the Phase II Settlement expressly provided for a global settlement amount of $5,376,500.00, which would create the Common Fund for this class action settlement. The Phase II Settlement also expressly provided for the deduction from that Common Fund of certain amounts reflecting Court-approved attorney's fees and costs, and compensation for the Class Representatives in this case, with remaining amounts to be distributed to the Settlement Class. On September 30, 2011, this Court held a Preliminary Fairness Hearing, after which the Court found that the Phase II Settlement was "within the range of reasonableness warranting dissemination of notice of the settlement to the Settlement Class." ([Doc. #36] at 1-2). The Court also preliminarily approved the requested attorneys' fees and costs, and the amount requested for class representative compensation.

Thereafter, the parties issued the Notice of the Phase II Settlement to the Settlement Class, which, in relevant part, notified the class members of the Common Fund amount, the potential deductions in the form of attorneys' fees and costs, and class representative compensation, and the manner by which allocations would occur after final approval of the Phase II Settlement. In addition, the Notice informed the class members that distributions from the Common Fund would be treated as taxable wages and would be subject to applicable withholding rules. The Notice also informed class members that they would receive a W-2 form regarding any payment made to them under the Phase II Settlement. After proper Notice was issued, and the period for objections came to a close, the Court held a Final Fairness Hearing on February 24, 2012. At that hearing, the Court granted the parties' Joint Motion for Final Approval of the Phase II Settlement, and Plaintiffs' Motions for Final Approval of Attorneys'

Fees and Costs and for Class Representative Compensation.

II. PLAINTIFFS' MOTION TO BAR

Shortly after the Final Fairness Hearing, Plaintiffs filed the present Motion to Bar, contending that Defendant North Carolina Baptist Hospital ("NCBH") intended to impermissibly deduct from the Common Fund the portion of the Federal Income Tax Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA") imposed on NCBH as an employer. At the April 5, 2012, hearing, Plaintiffs contended that the Phase II Settlement and the Notice to the Settlement Class specifically enumerated that only reasonable attorneys' fees and costs, and class representative compensation, as approved by the Court, would be deducted from the Common Fund prior to making distributions to the Settlement Class. In addition, Plaintiffs contended that, although the Settlement Class was on notice that all distributions would be subject to employee withholding taxes, as with any wage they might receive, neither the Phase II Settlement, nor the Notice to the Settlement Class, contained any provision indicating that the distributions would also be subject to employer FICA or FUTA taxes, as sought by NCBH. Furthermore, Plaintiffs contended that the Phase II Settlement required that allocations to the Settlement Class be executed in a manner that would benefit every eligible class member, and that deductions based on NCBH's employer FICA and FUTA taxes would not serve to benefit the Settlement Class in any way. Based on these contentions, Plaintiffs asserted the FICA and FUTA employer tax amounts sought by NCBH would be impermissible deductions from the Common Fund, under both the Phase II Settlement and the Notice to the Settlement Class, and, as such, asked the Court to grant Plaintiffs' Motion to Bar.

3

In response, Defendants contended that, although the Phase II Settlement did not expressly provide for deductions of employer FICA and FUTA taxes, the Phase II Settlement did expressly state that the Common Fund represented a "global settlement" which, per Defendants' understanding of that term, included the tax liability amounts sought by Defendants. As such, Defendants argued that the Phase II Settlement capped Defendants total liability to the Common Fund amount of $5,376,500.00, and therefore NCBH was entitled to deduct its employer tax liability from that Common Fund amount.

Based on the parties' briefing of Plaintiffs' Motion to Bar, and the arguments presented at the April 5, 2012, hearing, the Court found that, with regard to Defendants' arguments regarding the "global" nature of this settlement, the term "global settlement," at best, means the full and final settlement as to any and all claims Plaintiffs may have, or could have had, against Defendants in this case. The Court noted that the Internal Revenue Service ("IRS") was not a party to the case,[1] and found that it would stretch the bounds of the Phase II Settlement to suggest that Defendants or Plaintiffs intended that the tax obligations of Defendants would be included in the settlement funds that Defendants were paying to Plaintiffs, particularly after the parties engaged in such extensive and comprehensive settlement discussions and mediation in order to resolve all of the Plaintiffs' claims. The Court further found that the Notice to the Settlement Class in this case made no specific reference, nor could one be inferred from the Notice, to the position or belief asserted by Defendants, that funds to pay Defendants' own tax

---

[1] Both parties agreed that neither the IRS, nor any other Government agency, was ever a party to this case.

liabilities to the IRS, or to any other Government agency, would be included as part of the Common Fund, with Plaintiffs then being obligated to either pay, or be responsible for paying, Defendants' own tax obligations.

III. CONCLUSION

Based on these findings, the Court concluded that to the extent that Defendants would seek to remove any portion of the Phase II Settlement Common Fund in order to pay NCBH's own employer's share of FICA or FUTA taxes, the Court would grant Plaintiffs' Motion to Bar North Carolina Baptist Hospital From Diverting Proceeds of the Common Fund for its Own Use, and Defendants' actions would be so barred.

IT IS THEREFORE ORDERED, that Plaintiffs' Motion to Bar North Carolina Baptist Hospital From Diverting Proceeds of the Common Fund for its Own Use [Doc. #54] is hereby GRANTED, and Defendants are hereby barred from removing any portion of the Phase II Settlement Common Fund in order to pay NCBH's own employer's share of FICA or FUTA taxes.

This the 9th day of April, 2012.

/s/ James A. Beaty
United States District Judge